UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **VON SCOTT et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | No. 2:24-cv-00380-LEW |
| | ) | |
| **MR. COOPER a/k/a** | ) | |
| **NATIONSTAR MORTGAGE,** | ) | |
| | ) | |
| **Defendant** | ) | |

**RECOMMENDED DISMISSAL**

Von Scott, Stephen E. Monaghan Jr., and Faimafili Monaghan, proceeding pro se, bring federal security law and state Uniform Commercial Code (UCC) claims against Mr. Cooper a/k/a Nationstar Mortgage relating to a loan secured by a mortgage on real property located at 31 Jefferson Street in South Portland. *See* Complaint (ECF No. 1); ECF No. 1-2 at 2. In their complaint, Scott and the Monaghans assert that Mr. Cooper unlawfully misrepresented the "transaction" "as a traditional mortgage loan" when it was in fact "an investment securitized into Mortgage-Backed Securities." Complaint at 3. They seek declaratory and injunctive relief and ask the Court to order Mr. Cooper to "[d]isgorge" the profits of its wrongful actions, which they estimate to be "$1,000,000 per year since March 1, 2006." *Id.* at 4.

For several reasons, I recommend that the Court exercise its inherent power to dismiss Scott and the Monaghans' complaint notwithstanding their payment of the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64

1

(2d Cir. 2000) (holding that district courts have the inherent authority to dismiss frivolous actions even when the plaintiff has paid the filing fee); *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt that they would have power to do so even in the absence of this statutory provision.").

First, even with a liberal reading, the complaint lacks sufficient "detail of who, what, when, where, and how" to provide fair notice of what the claims are and the grounds upon which they rest. *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020). In such circumstances, the complaint fails to state a plausible claim and is subject to dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint is subject to dismissal when it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Akande v. John Doe 1*, No. 12-10742-RWZ, 2012 WL 1658981, at *2 (D. Mass. May 10, 2012) ("A court may . . . dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted.").

Second, Stephen Monaghan has been enjoined from filing anything in "any matter involving real estate or mortgages without prior permission from this Court." *U.S. Bank N.A. v. Janelle*, No. 2:20-cv-00337-JAW, ECF No. 128 (D. Me. Dec. 23, 2021). Because he failed to comply with the Court's order to seek permission before filing the complaint in this matter, this case is subject to dismissal. *See* Fed. R. Civ. P. 41(b); *Oliver v. Ariz. State Univ.*, No. 1:21-cv-00228-LEW,

2021 WL 4165367, at *1 (D. Me. Sept. 12, 2021) (rec. dec.) ("[D]istrict courts may . . . *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." (cleaned up)), *aff'd*, 2021 WL 4975732 (D. Me. Oct. 26, 2021).

Third, there is a vague reference to an "[i]nvalid foreclosure action" in one of the attachments to the complaint, *see* ECF No. 1-2 at 45, which raises the possibility that Scott and the Monaghans are impermissibly attempting to interfere with an ongoing state court foreclosure action or overturn a final state court foreclosure judgment, *see Marrett v. Aroostook Cty. Fed. Sav. & Loan*, No. 1:24-cv-00300-JAW, 2024 WL 4344713, at *4-5 (D. Me. Sept. 30, 2024) (rec. dec.) (explaining why a federal court cannot interfere with state court foreclosure proceedings or invalidate a final state court foreclosure judgment), *aff'd*, 2024 WL 4850209 (D. Me. Nov. 21, 2024).

Finally, Scott and the Monaghans cannot proceed because they rely on meritless sovereign citizen legal theories. *See U.S. Bank N.A. v. Janelle*, No. 2:20-cv-00337-JAW, 2021 WL 4847901, at *7-8 (D. Me. Oct. 18, 2021) (describing sovereign citizen pseudolitigation and noting that it usually involves "pro se litigants submitting court filings that are nothing more than a collection of legal-sounding but false rules that purport to be law" (cleaned up)); *Libertad v. Massachusetts*, No. 1:21-cv-03888-SDG, 2022 WL 1136727, at *2 (N.D. Ga. Apr. 18, 2022) ("Dismissal of this action is appropriate and warranted based on its legal insufficiency and the frivolity inherent in all sovereign citizen legal theories—such sovereign citizen claptrap has been rejected over and over." (cleaned up)); *see also Robinson v. Moynihan*, No. 3:21cv122, 2021 WL 2346107, at *4 (E.D. Va. June 8, 2021)

("[S]ecuritization does not relieve a borrower's obligation to pay his or her mortgage, nor does it prevent a lender from foreclosing on a property.").

For all these reasons, I recommend that the Court **DISMISS** the complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: November 25, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

4